## NATIONAL LABOR RELATIONS BOARD v. FOREST LAWN MEMORIAL PARK ASS'N, Inc.

### No. 13351.

United States Court of Appeals
Ninth Circuit.

June 24, 1952.

A. Norman Somers, Asst. Gen. Counsel, Arnold Ordman, Robert G. Johnson, Attys, National Labor Relations Board, Washington, D. C., David Karasick, Atty., National Labor Relations Board, San Francisco, Cal., for petitioner.

R. W. Lund, Ira M. Price, II, Los Angeles, Cal., Ugene U. Blalock, Glendale, Cal., for respondent.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

PER CURIAM.

This is a motion made pending a petition to enforce an order of the Labor Board requiring the respondent to cease and desist from certain unfair labor practices towards its employees affecting interstate commerce and for reinstatement of certain employees and for back pay to some of them. The Board's petition is resisted by respondent and the case is not yet at issue.

Respondent moves with supporting affidavits to return the cause to the Board for the taking of additional evidence for the purpose of showing that, while at the time the Board's order was entered it had jurisdiction by virtue of respondents' operations affecting interstate commerce, it has since the order was made lost jurisdiction to seek our enforcement of the order because the respondent company has ceased such interstate commerce.

We do not agree that such action by respondent deprives the Board of jurisdiction

as to the order entered. In every case where a respondent has complied with a Board order prior to court enforcement or has ceased business entirely, the Board has no act of respondent affecting interstate commerce at the time of seeking enforcement on which it can base jurisdiction, yet the order is enforcible to prevent such wrongful act in the future. N.L.R.B. v. Cleveland-Cliffs Iron Co., 6 Cir., 133 F.2d 295, 300; Williams Motor Co. v. N.L.R.B., 8 Cir., 128 F.2d 960, 963, 964.

Since the future acts by respondents interdicted by the Board's order are only such acts as affect interstate commerce, it is only against such acts that the Board may seek a contempt proceeding in this court. It would then be a complete defense to show that the acts did not affect interstate commerce.

The motion is denied.